UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| H.W., a minor, by and through her Parent and Next Friend Phil Wells,<br><br>      Plaintiff,<br><br>      v.<br><br>BREWER SCHOOL DEPARTMENT, GREGG PALMER, BRENT SLOWIKOWSKI, and MICHELLE MACDONALD,<br><br>      Defendants. | No. 1:24-cv-00062-LEW |

**ORDER ON PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

After school administrators told H.W., a student at Brewer High School, that she could no longer circulate a petition at school, her father, Phil Wells, filed this lawsuit. Before the Court is Wells' Motion for Temporary Restraining Order and for a Preliminary Injunction (ECF No. 4). Based upon my review of the pleadings and motion papers, and upon consideration after oral argument on March 14, 2024, the motion is DENIED IN PART insofar as Wells requests a temporary restraining order. The motion is RESERVED IN PART for further proceedings on the request for a preliminary injunction.

My denial of the TRO and my assessment that a hearing is required are based on the following preliminary determinations:

FIRST, that standing to sue is established by the prohibition on speech activity, given the nature of the relationship between school administrator and pupil, even in the

absence of a concrete threat of punishment. In other words, the natural chilling effect of the prohibition vocalized by Principal Slowikowski suffices for purposes of standing. *Blum v. Holder*, 744 F.3d 790, 796 (1st Cir. 2014) (explaining that standing exists "when a plaintiff 'is chilled from exercising her right to free expression or forgoes expression in order to avoid enforcement consequences'" (quoting *Mangual v. Rotger-Sabat*, 317 F.3d 45, 57 (1st Cir. 2003))).

SECOND, that although H.W.'s speech activity was protected by the First Amendment, in the capacity of K-12 educator, municipalities, school boards, or school districts have additional flexibility to regulate speech even though the speech would be protected in other settings. More specifically:

> [S]chool officials' restriction of student speech is justified when: (1) actual "disturbances or disorders on the school premises in fact occur[ ]"; (2) "the record . . . demonstrate[s] . . . facts which might reasonably have led school authorities to forecast substantial disruption of or material interference with school activities"; or (3) the speech invades the rights of others.

*Norris v. Cape Elizabeth Sch. Dist.*, 969 F.3d 12, 25 (1st Cir. 2020) (second and third alterations in original) (quoting *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 513–14 (1969)). "But . . . undifferentiated fear or apprehension of disturbance is not enough to overcome the right to freedom of expression." *Tinker*, 393 U.S. at 508. This is an objective inquiry. *Norris*, 969 F.3d at 25.

School administrators must engage in a delicate, often bordering on the impossible, balancing act when refereeing the rights of students to speak on matters of public concern and the rights of students to attend a school free from substantial disruption. Considering the conflicting allegations on the paper record that inform which side of the line

Defendants' effort fall, Wells has not made a strong showing of likelihood of success and is, therefore, not entitled to a temporary restraining order. He is, however, entitled to an evidentiary hearing on his motion for preliminary injunction and the merits.

Accordingly, Wells' Motion for Temporary Restraining Order and for a Preliminary Injunction (ECF No. 4) is **DENIED IN PART**. The request for a TRO is denied. The remainder of Wells' Motion (his request for a preliminary injunction) is **RESERVED** pending further proceedings. The Court will schedule the matter for an evidentiary hearing on H.W.'s request for a preliminary injunction. The parties are advised to confer regarding the schedule, including the need for discovery, and the possibility of consolidating the hearing with the trial on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure to facilitate the most efficient resolution of the matter.

SO ORDERED.

Dated this 28th day of March, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge